BLD-222                                                      **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-3168
_____

CRYSTAL BITON,
a/k/a Marcelle Biton, a/k/a Bitton, a/k/a Messoda Fhima, a/k/a Saphyre MG Redford

v.

UNITED STATES AIRLINES; GOVERNOR CHRIS CHRISTY'S NEW JERSEY;
HSBC; and PORT AUTHORITY OF NY/NJ

Crystal Biton, Appellant
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 2:17-cv-01868)
District Judge:  Honorable Madeline C. Arleo
_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
June 27, 2019
Before:  AMBRO, KRAUSE, and PORTER, <u>Circuit</u> <u>Judges</u>

(Opinion filed:  July 8, 2019)
_____

OPINION[*]
_____

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

PER CURIAM

Proceeding pro se, Crystal Biton filed suit against United Airlines, former New Jersey Governor Chris Christie, HSBC Bank, and the Port Authority of New York & New Jersey. The suit appeared to concern alleged identity theft, as well as Biton's daughter's alleged exposure in 2002 to a "toxic unhealthy environment" as a result of construction at the Port Authority. Biton described her legal injuries thusly: "To be determined by trial + jury. I am competent for trial."

The District Court entered an order granting Biton leave to proceed in forma pauperis, and dismissing her complaint under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim. The District Court determined that Biton failed to properly allege diversity of party citizenship under 28 U.S.C. § 1332(a), and that her complaint consisted only of "bald allegations and legal conclusions," which are insufficient to "state a claim for relief that is plausible on its face." Biton then filed a motion for reconsideration; the District Court entered an order denying that motion.

On appeal, we are reviewing only the District Court's order dismissing the complaint under 28 U.S.C. § 1915(e)(2)(B)(ii).[1] Our review is de novo. See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000).

---

[1] Biton filed a Notice of Appeal while her motion for reconsideration was still pending. The Notice of Appeal was premature, see Fed. R. App. P. 4(a)(4)(A)(iv)-(vi), but became effective to appeal the District Court's order of dismissal once the motion for reconsideration was denied, see Fed. R. App. P. 4(a)(4)(B)(i). We thus have appellate jurisdiction under 28 U.S.C. § 1291 to review the order of dismissal. Had Biton wanted

The District Court did not err in dismissing Biton's complaint. Even with the benefit of liberal construction, we agree with the District Court that Biton's complaint is plainly lacking "sufficient factual allegations, taken as true, [that] 'state a claim to relief that is plausible on its face.'" Fleisher v. Standard Ins., 679 F.3d 116, 120 (3d Cir. 2012) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).[2] Therefore, because this appeal presents no substantial question, we will summarily affirm. See 3d Cir. L.A.R. 27.4 (2011); 3d Cir. I.O.P. 10.6 (2018).

_____

to also secure appellate review of the District Court's order denying her motion for reconsideration, she was obligated to—but did not—file a timely second or amended Notice of Appeal after that order was entered. See Fed. R. App. P. 4(a)(4)(B)(ii).

[2] The District Court was not required to, sua sponte, grant Biton leave to amend her complaint. Cf. Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc., 482 F.3d 247, 252-53 (3d Cir. 2007). Regardless, the incoherence of Biton's arguments on appeal confirms that allowing her to amend would have been a futile act.